394

**STERN et al. v. UNITED STATES.***

No. 5807.

Circuit Court of Appeals, Seventh Circuit.

June 20, 1936.

Rehearing Denied July 14, 1936.

George F. Callaghan and Myer Gladstone, both of Chicago, Ill., for appellants.

Val Nolan, U. S. Atty., B. Howard Caughran and Paul A. Pfister, Asst. U. S. Attys., all of Indianapolis, Ind., for the United States.

Before EVANS, Circuit Judge, and LINDLEY and BRIGGLE, District Judges.

PER CURIAM.

· An indictment was returned in the District Court, charging fifteen defendants in forty-four counts, with the use of the mails in the execution of a scheme to defraud and in obtaining money and property by means of false and fraudulent representations, in violation of section 215 of the Criminal Code (18 U.S.C.A. § 338); the indictment also charged the same defendants in one count with a violation of the conspiracy statute, section 37 of the Criminal Code (18 U.S.C.A. § 88). Of the fifteen indicted, eleven were tried, eight acquitted, and the three appellants were convicted on eighteen counts, including the conspiracy count. All three were given penitentiary sentences and fines.

Thirteen reasons are advanced by appellants why the judgment of the District Court should be reversed, some eight of which refer to rulings of the trial court on the admission or exclusion of evidence and the sufficiency of the evidence to support the verdict. No good purpose would be served by a discussion of these questions, as an examination of the record convinces us that no substantial error has intervened in this respect and that the verdict is entirely responsive to the evidence.

It is argued that there was a misjoinder of counts in the indictment and that appellants were charged with and convicted of several separate and distinct offenses, some of which may have been committed by some defendants at one time and some by other defendants at a different time. We are unable to accept this reasoning for we believe that the indictment charged in varying language one general scheme to defraud, and the various acts shown by the evidence were but separate manifestations of the same general scheme.

Other assignments refer to alleged prejudicial statements and conduct of the District Attorney, the sufficiency of the indictment, and the propriety of permitting ·an indictment to go to the jury which referred to the persons alleged to have been defrauded as "victims." Some language used by the District Attorney in his opening statement and in the argument was ill-advised and neither do we approve the word "victims" as used in the indictment, yet we are not convinced that such irregularities reacted to the prejudice of the appellants. The test on the whole is whether the appellants have had a fair trial within the purview of their constitutional guaranties. This, we believe, they have had. While it is asserted that both the jury and the court were actuated by prejudice, a careful study of the record convinces us that not only was the verdict a proper one, but that justice has been tempered with mercy.

The judgment of the District Court is affirmed.

*Writ of certiorari denied 57 S. Ct. 40, 81 L. Ed. ——.